UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CLARENCE ALEXANDER FRITZ** | : | **CIVIL ACTION NO. 2:13-cv-31** |
| | : | **SECTION P** |
| **VERSUS** | | |
| | : | **JUDGE WALTER** |
| **M. ALLEN, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is defendant's motion to dismiss the civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Clarence Fritz ("Fritz"). Doc. 31. Fritz is an inmate in the custody of the Federal Bureau of Prisons.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the motion be **GRANTED,**

#### I. BACKGROUND

At the time Fritz filed his complaint he was housed at the Federal Detention Center in Oakdale, Louisiana. Doc. 1. Fritz has since been transferred several times. Each time he was transferred, he filed a notice of change of address with the court. *See* docs. 6, 19, 23, & 26.

Most recently, on January 10, 2014, Fritz advised the court that he had been transferred to the South Louisiana Detention Center in Basile, Louisiana. Doc. 26. However, all mail sent to that address has been returned to the court marked "attempted-not known." *See* docs. 28, 30, 32.

Defendants now move the court to dismiss the action for failure to prosecute, on the grounds that Fritz has failed to keep the court apprised of his address for a period greater than 30 days. Doc. 31.

## II. LAW & ANALYSIS

A district court may dismiss an action if the plaintiff fails to prosecute the case. Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action *sua sponte,* without motion by a defendant." *McCullough v. Lynaugh*, 835 F.3d 1126 (5th Cir. 1988) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. Furthermore, pursuant to the local rule 41.3 of the United States District Court for the Western District of Louisiana:

> [t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

LR. 41.3.

Here, more than thirty days have elapsed since the court's correspondence was first returned. Accordingly, defendants' motion to dismiss should be granted.

## III. CONCLUSION & RECOMMENDATION

For the foregoing reasons:

**IT IS RECOMMENDED** that defendants' motion to dismiss be **GRANTED** and that this matter be **DISMISSED, WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific,

written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 9th day of July, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE